UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　　　v.<br><br>TIANDRE WATSON,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:21-CR-140 JCM (NJK)<br><br>ORDER |

　　　Presently before the court is defendant Tiandre Watson's ("Watson") motion for bail styled as a "motion for bond" pending sentencing. (ECF No. 32). The United States of America (the "government") responded (ECF No. 33), Watson did not reply, and the deadline to do so has passed.

　　　On June 2, 2021, Watson made his initial appearance before the court on a writ of habeas corpus ad prosequendum for a criminal indictment charging him with unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 7).

　　　Watson entered a plea of not guilty, and on that same day, a detention hearing was held. Judge Youchah ordered Watson detained pending trial because she found by clear and convincing evidence (pursuant to 18 U.S.C. § 3142) that based on Watson's significant criminal record, his history of violence and use of weapons, and committing the instant crime while under probation out of Louisiana, there were "no conditions or combination of conditions that the court could fashion…to reasonably assure the protection [of] the community against risk of danger posed by [d]efendant." (ECF No. 13).

　　　On January 7, 2022, Watson pled guilty pursuant to a plea agreement to the offense charged in the indictment. (ECF No. 27). Sentencing is currently set for April 8, 2022.

**James C. Mahan**
**U.S. District Judge**

Watson erroneously relies on 18 U.S.C. § 3142 in support of his request for "bond" pending sentencing. (ECF No. 32). Section 3142 governs the release or detention of a defendant *pending trial*, whereas section 3143—more relevant here—governs the release or detention of a defendant *pending sentencing*. This distinction critically shifts the burden from a presumption of release under section 3142 to a presumption of detention under section 3143.

18 U.S.C. § 3143(a) specifically provides:

> …the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence…*be detained*, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). (emphasis added).

Watson requests this release to "help his family financially before serving his expected prison sentence." (ECF No. 32). This consideration, however, does not outweigh significant risks of release evidenced by his pending warrants out in multiple states, his pending charges in both state and federal court (including a federal felony charge of battery with the use of a deadly weapon), and his propensity for criminal activity as illustrated by the instant crime being committed while on probation for a separate offense. (ECF No. 33).

In fact, the only material change to Watson's situation since being detained pending trial is that he has entered a plea of guilty to the underlying charge and agreed to a prison term.

The court finds that Watson has not met his burden under 18 U.S.C. § 3143. The information provided in his motion is insufficient to provide the court with clear and convincing evidence that he is not a continuing flight risk or a danger to the community if released.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Watson's "motion for bond" pending sentencing (ECF No. 32) be, and the same hereby is, DENIED.

DATED March 21, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -